UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PRECISION CASTPARTS CORP.** and **PCC STRUCTURALS, INC.**, <br><br>    Plaintiffs, <br><br> v. <br><br> **ST. PAUL FIRE AND MARINE INSURANCE COMPANY,** <br><br>    Defendant. | Case No. 3:20-cv-1043-MO <br> (Lead Case) |
| **THE AMERICAN INSURANCE COMPANY,** <br><br>    Plaintiff, <br><br> v. <br><br> **ST. PAUL FIRE AND MARINE INSURANCE COMPANY** and **ACE FIRE UNDERWRITERS INSURANCE COMPANY,** <br><br>    Defendants. | Case No. 3:20-cv-1116-MO <br> (Trailing Case) <br><br> **OPINION AND ORDER** |

**MOSMAN, J.**,

On September 16, 2022, trailing case Defendant ACE Fire Underwriters Insurance Company ("ACE Fire"), lead case Plaintiffs Precision Castparts Corp. and PCC Structurals, Inc. (collectively "PCC"), and Intervenor Century Indemnity Company ("Century") filed their Motion

1 – OPINION AND ORDER

to Approve Settlement Under ORS 465.480(4) [ECF 64].[1] On September 30, 2022, trailing case Plaintiff the American Insurance Company ("AIC") responded in opposition [ECF 66], to which ACE Fire, PCC, and Century replied on October 14, 2022 [ECF 68]. Upon reviewing the motion and subsequent briefing, I GRANT the Motion to Approve Settlement Under ORS 465.480(4).

## LEGAL STANDARD

ORS 465.480(4), known as the Oregon Environmental Cleanup Assistance Act ("OECAA"), states the following:

(a) An insurer that has paid all or part of an environmental claim may seek contribution from any other insurer that is liable or potentially liable to the insured and that has not entered into a good-faith settlement agreement with the insured regarding the environmental claim.
(b) There is a rebuttable presumption that all binding settlement agreements entered into between an insured and an insurer are good-faith settlements. A settlement agreement between an insured and insurer that has been approved by a court of competent jurisdiction after 30 days' notice to other insurers is a good-faith settlement agreement with respect to all such insurers to whom such notice was provided.
(c) For purposes of ascertaining whether a right of contribution exists between insurers, an insurer that seeks to avoid or minimize payment of contribution may not assert a defense that the insurer is not liable or potentially liable because another insurer has fully satisfied the environmental claim of the insured and damages or coverage obligations are no longer owed to the insured.
(d) Contribution rights by and among insurers under this section preempt all common law contribution rights, if any, by and between insurers for environmental claims.

ORS 465.480(4).

OECAA's legislative history indicates that the statute's purpose is "to facilitate speedy cleanup of hazardous waste sites by encouraging good-faith settlements and precluding lengthy contribution

---

[1] All citations are to the lead case.

2 – OPINION AND ORDER

claims from non-settling insurers." *Certain Underwriters at Lloyd's London v. Mass. Bonding & Ins. Co.*, 401 P.3d 1212, 1217 (Or. Ct. App. 2017) (internal citations omitted).

## FACTUAL BACKGROUND

On August 1, 2022, PCC, ACE Fire, and Century reached a settlement agreement through good faith negotiations and mediation. Decl. of Steven Soha [ECF 65] at ¶ 8, 10. PCC released ACE Fire and Century from any obligations with respect to two state class action cases in exchange for a $3,000,000 payment under Century's insurance policies. *Id.* In the settlement agreement, the parties stipulated that ACE Fire's four policies of $500,000 each had been exhausted, and Century's indemnity policy paid for PCC's ultimate net loss. *See* Decl. of Steven Soha, Ex. 4 [ECF 65] at ¶¶ 3.02(1)–(5).

On August 3, 2022, counsel for ACE Fire and Century gave written notice of the settlement to AIC and St. Paul Fire and Marine Insurance Company. Decl. of Steven Soha [ECF 65] at ¶ 9. AIC opposes the Motion to Approve Settlement because it seeks contribution from ACE Fire. Resp. in Opp'n [ECF 66] at 2.

## DISCUSSION

ACE Fire, Century, and PCC have satisfied the statutory requirements for settlement approval under ORS 465.480(4). The parties to the settlement provided notice to other insurers and sought court approval after thirty days. Further, under ORS 465.480(4)(b), the parties to the settlement agreement are entitled to the rebuttable presumption that the agreement is a good-faith settlement. I am unconvinced by AIC's argument against the applicability of the good-faith presumption. AIC argues that the agreement is unfair because AIC has pending contribution claims against ACE Fire. However, the purpose of the statute is to facilitate settlement agreements, and the record does not rebut the presumption of good faith.

## CONCLUSION

For the reasons stated above, the Motion to Approve Settlement Under ORS 465.480(4) is GRANTED.

IT IS SO ORDERED.

DATED this __29__ day of November, 2022.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge